# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LEWIS, | ) 1:04cv6303 OWW DLB |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION TO COMPEL |
| v. | ) (Document 15) |
| | ) |
| JERRY WENGERD, et al., | ) ORDER IMPOSING SANCTIONS |
| | ) |
| Defendants. | ) |

    Plaintiff Dennis Lewis ("Plaintiff") filed the instant Motion to Compel Production of Documents on January 31, 2006. The matter was heard on March 3, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge. Kevin Little appeared on behalf of Plaintiff. William H. Littlewood appeared on behalf of Defendants Jerry Wengerd, Frank A. Torrez and the County of Fresno (collectively "Defendants").

## **BACKGROUND**

    Plaintiff filed his complaint on September 22, 2004, alleging civil rights violations. He alleges causes of action for (1) violation of his right to freedom of expression under the First and Fourteenth Amendments based on Torrez and Wengerd's retaliation against him for making complaints; (2) declaratory relief; (3) violation of federal wage laws based on the County's failure to pay Plaintiff overtime; (4) violation of California Labor Code section 1102.5 based on

1

Torrez and Wengerd's retaliation against Plaintiff for making complaints; (5) violation of his right to freedom of speech under Article 1, Section 2 of the California Constitution based on Torrez and Wengerd's retaliation; and (6) quantum meruit based on the County's failure to pay overtime.  Plaintiff seeks general and punitive damages, wages, overtime and benefits, and attorney's fees and costs.

Plaintiff served his Second Request for Production of Documents and Request for Admissions on October 17, 2005.  Defendants filed their response on November 21, 2005.

On January 31, 2006, Plaintiff filed the instant motion.  The parties submitted their joint statement on February 28, 2006.

## FACTUAL BACKGROUND

According to the Complaint, Plaintiff was employed by the County as the Clinical Supervisor of the Perinatal Addiction Treatment Health Services Program ("PATHS").  He also oversaw the Education and Wellness Program.  On September 10, 2003, he received a written reprimand from Defendant Torrez, the Assistant Director of the Department of Adult Services and Plaintiff's supervisor.  Plaintiff submitted a timely rebuttal to the reprimand on September 17, 2003.  He explained that the reprimand showed no recognition of his excessive workload and was issued shortly after Plaintiff raised issues regarding the perceived improprieties of medical director Dr. Richard Guzzetta and financial irregularities concerning the YMCA contract then in effect.  On September 30, 2003, Defendant Wengerd, Director of the Department of Adult Services, issued a memorandum indicating that the issues were "considered" and disregarded.

Plaintiff contends that a pattern of retaliation followed, including a transfer from his PATHS position to his ultimate position of Clinical Supervisor of the Employment Services Program, a position that provided less job satisfaction and was less suited to Plaintiff's substance abuse background.  Plaintiff also alleges that Wengerd made false and damaging statements implying that Plaintiff rendered substandard performance while heading the PATHS program.

On February 6, 2004, Plaintiff resigned his position.  Prior to his resignation, he requested compensation for overtime work that he performed while employed in the two positions.

Defendants deny the allegations.  They explain that Plaintiff's reporting of possible improprieties was not a motivating factor in his transfer and that as a supervisor, he was expected to make such a report.  Defendants also explain that Plaintiff's report of overbilling saved the County thousands of dollars and was therefore very much appreciated.  Defendants allege that Plaintiff was transferred to the position, which had the same pay, title and benefits, partly because it was better suited to his management style.  Plaintiff had experienced numerous difficulties managing and controlling disputes among his staff, and his transfer allowed him to manage individuals who tended to be less contentious and to continue his employment with the county.

## DISCUSSION

A.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(b)(1) provides:

> **1) In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

B.  <u>Discovery At Issue</u>

<u>Request for Production of Documents No. 2</u>:

> Produce all performance evaluations of Frank Torrez during the last five (5) years of his employment with the County of Fresno.

<u>Response</u>:

> Responding Parties object to this request on the ground that it is not material or relevant to any claim or defense in this action.  Responding Parties further object on the ground that the personnel information sought is confidential and protected by Frank Torrez's right to privacy guaranteed by the United States and California Constitutions.  Responding Parties further object to this request on the ground that (notwithstanding its lack of materiality to any claim or defense in this action) it is over broad at to time and scope.  No documents will be produced in response to this request.

C.    Analysis

Plaintiff's motion was filed one day after the non-dispositive motion deadline of January 30, 2006.[1]  Plaintiff did not seek relief from the late filing nor did he seek to amend the scheduling conference order.  Instead, in a letter to Defendants' counsel, Plaintiff stated that his motion was filed late because he was out of town on a death penalty case.  Plaintiff's failure to seek relief, however, is fatal to this motion.

Even if Plaintiff had filed the instant motion before the non-dispositive motion cutoff, his motion fails on the merits.  Not only did Plaintiff submit unsupportive and unrelated authority, he failed to provide any factual analysis in support of his motion aside from one or two conclusory sentences.  Plaintiff's only argument is that Mr. Torrez's performance evaluations are relevant because they "may bear on issues of credibility in light of the fact that Mr. Torrez was the only source of written criticism of Plaintiff."  Joint Statement, at 2.  Plaintiff has failed to demonstrate to the Court that the requested documents shed any light on Mr. Torrez's credibility.  As Defendants point out, Plaintiff's work performance, not that of Mr. Torrez, is potentially at issue in this case.  Moreover, Plaintiff's insufficient showing of relevancy is far from enough to overcome any privacy interests Mr. Torrez may have in his personnel records.  See eg., Rubin v. Regents of Univ. Of California, 114 F.R.D. 1, 2 (N.D.Cal. 1986) (employing a balancing approach in the resolution of a discovery dispute involving a protected privacy interest).

During the hearing, Plaintiff's counsel changed his argument and indicated that Mr. Torrez'z *capability* as an intermediate supervisor, not his *credibility*, is relevant and thus supportive of his discovery request.  This attempt to redefine his argument does not change the Court's finding that Mr. Torrez's performance evaluations are not discoverable. In light of the breadth of the request it is apparent the plaintiff is on a fishing expedition rather than a search for discoverable information.

---

[1] Although the parties have since stipulated to continue various dates, the stipulation expressly acknowledged that Defendants were not waiving their right to challenge this motion on the basis of Plaintiff's failure to file the it before the prior non-dispositive motion cutoff date.

4

D.      Sanctions

Pursuant to Rule 37(a)(4)(B), if a discovery motion is denied, the court may require the moving party to pay the reasonable expenses of the opposing party, including attorney's fees and costs, unless the court finds that the motion was substantially justified or the awarding of expenses unjust.

The Court finds that the imposition of sanctions is appropriate. As explained at the hearing, Plaintiff's motion contained almost no factual analysis and cited authority more appropriate for discovery of police internal affairs and personnel records in excessive force cases. In fact, Plaintiff's argument in the instant motion was taken almost word for word from briefs filed in two other actions involving discovery disputes over police personnel records which Plaintiffs' attorney filed and noticed for hearing on the same day as this motion..

When Defense counsel requested that Plaintiff withdraw the motion because it was (1) untimely and (2) based on unsupportive law with little or no factual analysis, Plaintiff's counsel refused. Plaintiff's counsel also suggested that counsel "should be able to identify and address the pertinent issues in your opposition." Exhibit 2, attached to Declaration of William H. Littlewood ("Littlewood Dec."). Neither opposing counsel nor this Court should be left to analyze inapposite legal authority with no related factual discussion.

Instead, Plaintiff's counsel forced Defendants to oppose the motion in a joint statement and appear at the hearing. For this, Defendants' counsel requests attorney's fees in the amount of $2,275.00. Littlewood Dec., ¶¶ 5-7. Counsel spent 11 hours in preparation of the joint statement and anticipated an additional two hours attending the hearing on the motion. Littlewood Dec., ¶ 5. At $175.00 an hour, this amounts to the requested $2,275.00. Given that Plaintiff's arguments were so devoid of merit, the Court finds that 6 hours is a more reasonable figure for an award of sanctions. Moreover, the hearing on the matter was brief.

Accordingly, Plaintiff attorney SHALL PAY SANCTIONS to Defendants in the amount of $1,050.00. This amount shall be paid on or before March 31, 2006. Failure to comply with this order will result in further sanctions.

# ORDER

1. Plaintiff's Motion to Compel Production of Documents is DENIED; and

2. Plaintiff SHALL PAY SANCTIONS to Defendants in the amount of $1,050.00. This amount shall be paid on or before March 31, 2006. Failure to comply with this order will result in further sanctions.

IT IS SO ORDERED.

Dated:   **March 6, 2006**                    **/s/ Dennis L. Beck**
3b142a                                        UNITED STATES MAGISTRATE JUDGE